IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-83-RLV
(5:98-cr-246-RLV-2)

| | |
|---|---|
| STEVEN DONEWAN CARR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from Respondent. For the reasons that follow, Petitioner's Section 2255 Petition will be denied and dismissed.

## I.  BACKGROUND

On January 12, 1999, Petitioner was charged in a Superseding Bill of Indictment with conspiring with others to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841 (Count I); two counts of aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts IV and V); and possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1) (Count VI). (5:98-cr-246, Doc. No. 23).

Petitioner pled not guilty and proceeded to a trial by jury on July 20, 1999. The jury subsequently found Petitioner guilty on all charges. (Id., Doc. No. 43). On January 6, 2000, the Court sentenced Petitioner to 360 months imprisonment on Count I, and to concurrent 360-

month terms on each of Counts IV, V, and VI. (Doc. No. 50: Judgment in a Criminal Case, at 1-2). On October 30, 2000, the Fourth Circuit affirmed Petitioner's convictions, vacated his sentence, and remanded for sentencing in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). United States v. Carr, 232 F.3d 890 (4th Cir. 2000). On September 26, 2001, Petitioner was resentenced to a total of 360 months imprisonment, with 240 months on Count I; five (5) years on each of Counts IV and V, to run concurrently to each other and consecutively to the sentence imposed in Count I; and five (5) years on Count VI to run consecutively to the sentence imposed in Count I. (5:98-cr-246, Doc. No. 76). Petitioner appealed and on May 17, 2002, the Fourth Circuit affirmed. United States v. Carr, 34 F. App'x 921 (4th Cir. 2002).

On March 5, 2003, Petitioner filed a Motion to Vacate, Correct or Set Aside under 28 U.S.C. § 2255. (5:03-cv-30, Doc. No. 1). On April 5, 2007, the Court entered an Order denying and dismissing Petitioner's Section 2255 Motion. (Id., Doc. No. 19). Petitioner appealed and on October 18, 2007, the Fourth Circuit affirmed the dismissal of Petitioner's Section 2255 Motion. United States v. Carr, 251 F. App'x 217 (4th Cir. 2007).

On June 25, 2012, Petitioner filed the instant Section 2255 Motion. (5:12-cv-83, Doc. No. 1). Petitioner contends that in DePierre v. United States, 131 S.Ct. 2225 (June 9, 2011), the Supreme Court of the United States created a new rule of law that is retroactively applicable on collateral review. (Doc. No. 1-1 at 2). Petitioner contends that his Section 2255 is timely because it is filed within one year of the date the Court filed its decision in DePierre.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (2) a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The record shows that Petitioner filed his first Section 2255 Motion on March 5, 2003, and this Motion was denied and dismissed by the Court on April 5, 2007. (5:03-cv-30, Doc. Nos. 1 and 19, respectively). Petitioner contends that the Supreme Court's decision in DePierre provides him with retroactive relief from his conviction and sentence. However, Petitioner's second Section 2255 Motion must fail for two reasons. First, there is no indication that the Supreme Court has made DePierre retroactive to cases on collateral review. See United States v. Crump, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); United States v. Drew, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012). Second, Petitioner has not demonstrated to this Court that he has obtained the necessary authorization from the Fourth Circuit which could allow him to file this second Section 2255 Motion.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion (Doc. No. 1) be **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a

debatably valid claim of the denial of a constitutional right).

Signed: July 9, 2012

Richard L. Voorhees
United States District Judge