**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:98-cr-00246-RLV-2**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEVEN DONEWAN CARR, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Carr's pro se motions and letters for the return of property. (Docs. 82, 92, 106, 131–32, 140, 150, 157, 185–87.) The earliest of these, a "Request for Return of Property" (Doc. 82), was filed December 18, 2006.

On January 12, 1999, Defendant was charged in a Superseding Bill of Indictment with conspiring with others to possess with intent to distribute cocaine base, in violation of 12 U.S.C. §§ 846 and 841 (Count I); two counts of aiding and abetting such possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts IV and V); and possession with intent to distribute cocaine, in violation of 21 U.S.C. 841(a)(1) (Count VI). (Doc. 23.) After Defendant entered a plea of "not guilty" and proceeded to a trial by jury on July 19, 1999, the jury found Defendant guilty on all charges. (Doc. 43.)

Defendant here moved the Court to order the return of some $13,000 in U.S. currency, allegedly seized in 1998. The Government's efforts to substantiate this claim are reported as follows:

> Based on inquiries to DEA personnel and available records, it appears that only the sum of $6,020.00 in currency belonging to defendant was seized, on or about March 7, 1998, by the Statesville Police Department. This money was administratively forfeited by DEA on August 11, 1998. . . .
> DEA has also reported that an additional sum of $3,980.00 was seized at the same time, making the total amount $10,000.00, but that this $3,980.00 was

1

> "buy money" furnished by law enforcement before the seizure, which was therefore removed from the $10,000.00 prior to the administrative forfeiture. DEA has not been able to confirm the existence of the remaining amount alleged by defendant, that is, the difference between $10,000 and $13,437.
> The undersigned has also contacted Iredell County but has not yet been able to obtain additional information regarding the underlying seizure.

(Doc. 108 at 1.)

The Controlled Substances Act includes a provision specifying that money used to buy illegal drugs or that represents the proceeds from their sale "shall be subject to forfeiture to the United States." 21 U.S.C. § 881(a)(6). "This provision contemplates that such forfeitures may be accomplished through either criminal or civil proceedings." *United States v. Wilson*, 699 F.3d 789, 794 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 2401 (U.S. 2013) (citing 21 U.S.C. § 881(e)(1)). When the United States elects to proceed civilly, the procedural rules provided by 18 U.S.C. § 983 now govern. 18 U.S.C. § 983(e) (providing "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute").

Although the Government's initiation of forfeiture proceedings divests the courts of jurisdiction over the merits of the forfeiture, the courts have jurisdiction "to determine compliance with due process or procedural requirements." *Ibarra v. United States*, 120 F.3d 472, 474 n.4 (4th Cir. 1997); *accord United States v. Minor*, 228 F.3d 352, 356 (4th Cir. 2000) (identifying the Fourth and Fifth Amendments as the substantive source of the right to challenge the adequacy of notice of an administrative forfeiture).

Defendant asserted in his reply to the Government's response (Doc. 108) to his letter dated October 7, 2009 (Doc. 106), which again requested the return of the funds here at issue, that the Government's notice of the administrative forfeiture proceeding was deficient (Doc. 111 at 1–2).

Within its surreply, the Government offered evidence that the Drug Enforcement Administration sent notice of the administrative forfeiture by certified mail, return receipt requested, to Defendant at 171 Glory Road, Mooresville, NC. (Doc. 115-1 at 2–3; Doc. 115-2 at 1–3.) The letter was returned stamped "RETURN TO SENDER" and marked "unclaimed." (Doc. 115-1 at 2–3; Doc. 115-3 at 1.) At the time, Defendant was in state custody, and the DEA had no information regarding his location other than the 171 Glory Road address. The DEA also published notice in USA Today. (Doc. 115-1 at 3; Doc. 115-4 at 1–3.) On August 11, 1998, after no timely claim was received, the DEA issued a declaration of administrative forfeiture. (Doc. 115-1 at 3–4; Doc. 115-5 at 1.) Subsequently, on or about October 23, 1998, Defendant was received into federal custody and listed his permanent address as 188 Glory Road, Mooresville, NC. (Doc. 115 at 2; Doc. 115-6 at 1.)

As the case cited by Defendant suggests, when dealing with a property owner within the federal government's custody, notice sent by the federal government "reasonably calculated, under all the circumstances, to apprise interested parties, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), generally equates to "a certified letter, return receipt requested, to the facility at which the prisoner was being housed," for which a prison official signed, as well as the government's evidence "that mail delivery procedures existed at that facility that 'were reasonably calculated to ensure that the notice, once addressed to [the inmate], would still reach him upon arrival at the prison (and indeed, would only be accepted were [the inmate] actually present),'" *Minor*, 228 F.3d at 358 (quoting *United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000)). Here, however, at the time notice was sent, and unbeknownst to the DEA, Defendant was in state custody, much unlike the situation in *Minor*. In determining adequate notice, the burden on the DEA of determining whether a property owner is in federal

3

custody is not great. "In contrast, the burden on the DEA of searching the public records of the states to determine if a property owner is in state custody would be more substantial. [It does not seem that] any such search is constitutionally required." *Harris v. Drug Enforcement Admin.*, No. 00-3716, 2001 WL 310974, at *2 (D. Md. Mar. 29, 2001). Under the circumstances of this case, the notice provided was adequate.

Regardless of the notice's adequacy, however, limitations now bar Defendant's motion. *See* 28 U.S.C. § 2401(a) (establishing, as a catch-all provision, a general limitations period of six years for civil lawsuits against the United States); *cf.* 18 U.S.C. § 983(e)(3) (establishing a limitations period of five years, which should be applied to administrative forfeiture proceedings begun on or after August 23, 2000, the date on which the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202, codified in part at 18 U.S.C. § 983, became effective). Defendant had reasonable inquiry notice of this forfeiture on or before the date on which he was convicted of the crime giving rise to the forfeiture, references to such forfeiture having been presented at trial. (*See, e.g.*, Doc. 157 at 1) (identifying portions of the trial transcript referring to certain seizures); *see also United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000) (discussing the federal common-law rule that a statute of limitations begins to run when the plaintiff discovers, *or by exercise of due diligence would have discovered*, that he has been injured and who caused the injury). Because Defendant initially filed more than six years after he was convicted by the jury on July 20, 1999, his motions for the return of property are time-barred.

**IT IS, THEREFORE, ORDERED** that Defendant's related motions (Docs. 82, 157, 187) be **DENIED**.

Signed: August 26, 2013

Richard L. Voorhees
United States District Judge